# EX E

# EMPOWER BRANDS AGREEMENT dd September 1, 2022

# EMPOWER BRANDS, LLC
# INDEPENDENT CONTRACTOR AGREEMENT

THIS AGREEMENT, is made and entered into effective as of the 1st day of September 2022 ("**Effective Date**"), by and between Direct2Market, LLC with an address of 5380 Gulf of Mexico Drive, Suite 305, Longboat Key, FL 34228 ("**Contractor**"), and Empower Brands, LLC, with an address of 3001 Deming Way Middleton, WI 53562 ("**Empower**"). Empower and Contractor desire to enter into a relationship whereby Contractor will provide certain services to Empower. The parties agree as follows:

## 1.0 DEFINITIONS

1.1. "**Agreement**" means this Independent Contractor Agreement.

1.2. "**Contractor**" means the individual specified above and, individually and collectively, the agents, employees, partners, consultants and contractors of such individual, if any.

1.3. "**Services**" means the services to be performed by Contractor pursuant to this Agreement, which are negotiating sales of Company's products to Wal-Mart, Inc.

## 2.0 BACKGROUND

Empower is in the business of sourcing, developing, distributing, selling and/or marketing various global consumer products, and Contractor is an experienced broker/sales representative. Empower desires to have Contractor service the Wal-Mart, Inc. account during the transition to Empower's new sales representative for the account.

## 3.0 DUTIES AND RESPONSIBILITIES

3.1 <u>Services.</u> Contractor shall negotiate sales of the products from Empower ("Products") to certain customers and to perform other services as required to negotiate and complete the sales of Products.

3.2 <u>Method of Performing Services.</u> Contractor shall provide the Services for Empower as stated above and in accordance with the terms and conditions of this Agreement. Contractor shall determine the method, details and means of performing the Services. Contractor shall perform Services in a careful, professional, and timely manner, and to the best of Contractor's ability. However, Contractor shall only offer Products for sale at a price and on such terms and conditions as have been specified by Empower.

3.3 <u>Compliance with Laws.</u> Contractor will abide by all applicable state and federal laws and regulations in the performance of Services. Contractor, and all persons under Contractor's direction, are and shall remain eligible to perform the Services in the United States, in accordance with all applicable laws.

## 4.0 RELATIONSHIP BETWEEN THE PARTIES.

4.1. <u>Independent Contractor.</u> Contractor is an independent contractor and not an employee, agent, joint venturer or partner of Empower. Contractor shall not be entitled to: (i) make a claim for unemployment compensation, worker's compensation or disability pursuant to this Agreement or Contractor's relationship with Empower; or (ii) receive any vacation, health, retirement or other benefits pursuant to this Agreement or Contractor's relationship with Empower. Under no circumstances shall Contractor be deemed to be the agent or legal representative of Empower, and Contractor shall have no authority to assume or create any obligations on behalf of Empower. All activities and work performed by Contractor under this Agreement shall be at Contractor's own risk.

4.2. <u>Non-Exclusive Relationship.</u> This Agreement is non-exclusive. Contractor may perform work for others during the term of this Agreement. Empower also may cause work of the same or a different kind to be performed by its own personnel or other contractors during the term of this Agreement.

4.3. <u>Continuation of Service.</u> Nothing contained in this Agreement confers upon Contractor any right to continue to render Services to Empower after termination of this Agreement or to become employed by Empower.

5.0   PROFESSIONAL FEES AND EXPENSES

5.1. <u>Professional Fees.</u>  As compensation for the Services performed by Contractor, Empower shall pay Contractor a commission ("Commission") which shall be three percent (3%) of Net Sales of Products to Wal-Mart, Inc. and two and a half percent (2.5%) on Net Sales of Products to Wal-Mart, Inc. for promotions or rollbacks, on purchase orders that are secured, accepted, and shipped in the period from December 1, 2022 through December 31, 2022. The term "Net Sales" shall mean Company's invoice sales price less cash discount, credits for returned or defective/destroyed products, trade spending (including without limitation trade rebates, slotting and product placement fees), off-invoice allowances, pricing adjustments, and consumer offers. Orders received and accepted shall not be credited to the account of Sales Representative unless they are shipped before December 31, 2022.  Company reserves the right to determine whether or not an order shall be accepted and shipped as well as to reasonably determine the date of shipment.  Payment of the Commission shall only be due and payable to Contractor when Empower has received the payment from the purchase order from Wal-Mart, Inc., regardless of the date of payment to Empower.

5.2. <u>No Withholding/Tax Reporting.</u> Empower shall not: (i) withhold FICA (Social Security) taxes from its payments to Contractor; (ii) make state or federal unemployment insurance contributions on behalf of Contractor; or (iii) withhold state or federal income taxes from its payments to Contractor. Empower will report amounts paid to Contractor by filing Form 1099 – MISC with the Internal Revenue Service. Contractor will file business or self-employment income tax returns with the Internal Revenue Service for at least the years during which it has provided services to Empower and will present proof of such filings to Empower as soon thereafter as is practicable whenever requested.

5.3. <u>Costs and Expenses.</u> Contractor shall be responsible for all costs and expenses associated with the performance of the Services including, without limitation, the costs of labor, materials, supplies, equipment, tools, duties, taxes, transportation, and shipping.

6.0 CONFIDENTIALITY AND INTELLECTUAL PROPERTY

6.1. Contractor shall keep confidential and not otherwise disclose any information or details related to or regarding this Agreement, or any part or portion thereof, or any discussions connected with this Agreement to any person or entity, unless agreed to in writing by Empower or required to do so by court order or other compulsory process of law; except that Contractor may reveal information or details related to this Agreement (including copies of this Agreement) to Contractor's senior management and legal and/or tax advisors, provided such individuals are advised of, and agree to comply with, the provisions of this Section. The parties agree that confidential information includes, but is not limited to, any pricing, promotions, market information, and customer lists.

7.0 WARRANTIES

7.1. <u>Warranty.</u> Contractor warrants to Empower that (i) Contractor has all requisite right and authority to enter into this Agreement with Empower and is duly authorized to do business in the state in which the Services are to be performed, (ii) all Services will be performed by Contractor in accordance with this Agreement and all applicable laws, ordinances, codes, rules and regulations, and (iii) all Services will be performed by Contractor in a good, skillful, competent and workmanlike manner, in accordance with the best practices of Contractor's industry.

8.0 INDEMNIFICATION

8.1 <u>Indemnification of Empower.</u> To the fullest extent permitted by law, Contractor shall indemnify, hold harmless, and defend Empower, its parents, subsidiaries and affiliates, and its and their respective employees and agents from and against any liability, claim, damage, cost or expense (including reasonable attorneys' fees) arising out of or in any manner connected with (i) any bodily injury, death, or damage to property which is caused or alleged to have been caused by Contractor or its officers, directors, employees, agents or contractors; (ii) any act or omission of Contractor or its officers, directors, employees, agents or contractors; (iii) any representations, warranties, statements, or claims relating to the Products made by Contractor, its officers, directors, employees, agents or contractors which are inconsistent with Empower's then-current descriptive literature, promotional materials, catalogs or other sales and marketing materials (including any terms of sale) and product information; (iv) any violation of any applicable law or regulation (including without limitation all applicable federal, state, and local employment and labor laws) by Contractor, its officers, directors, employees, agents or contractors; and (v) any breach of any covenant or condition of this Agreement by Contractor.

8.2 <u>Indemnification of Contractor.</u> To the fullest extent permitted by law, Empower shall indemnify, hold harmless, and defend Contractor, its parents, subsidiaries and affiliates, and its and their respective employees and agents from and against any liability, claim,

damage, cost or expense (including reasonable attorneys' fees) arising out of or in any manner connected with (i) any bodily injury, death, or damage to property which is caused or alleged to have been caused by the Products or by Empower or its officers, directors, employees, agents or contractors; (ii) any act or omission of Empower or its officers, directors, employees, agents or contractors; (iii) any representations, warranties, statements, or claims relating to the Products made by Empower, its officers, directors, employees, agents or contractors; (iv) any violation of any applicable law or regulation (including without limitation all applicable federal, state, and local employment and labor laws) by Empower, its officers, directors, employees, agents or contractors; and (v) any breach of any covenant or condition of this Agreement by Empower.

## 9.0 TERM AND TERMINATION

9.1 <u>Term and Termination of Agreement.</u> This Agreement shall have an end date of December 31, 2022; provided that Contractor shall be paid the Commission pursuant to Section 5.1 for purchase orders that are secured, accepted and shipped on or before December 31, 2022 after Empower receives payment from Wal-Mart, Inc. on such purchase orders whether such payments are received by Empower before or after December 31, 2022.

9.2 <u>Termination of Services for Cause by Empower.</u> Notwithstanding Section 9.1, Empower may terminate this Agreement if Contractor materially breaches its obligations under this Agreement, and such breach is not cured within thirty (30) days after delivery of the non-breaching party's notice or such longer time as the non-breaching party may specify in the notice. Provided that Contractor is not in default under this Agreement, Contractor shall be paid the Commission owed through the date of termination after Empower receives payment from Wal-Mart, Inc. on the purchase order on which the Commission is owed (including for payment received by Empower after the termination of this Agreement). In no event shall Empower have any liability for any consequential or incidental damages in connection with such termination of Services.

9.3 <u>Availability for Audit.</u> Contractor shall, for a period of twelve (12) months after the termination of this Agreement (the "Audit Period"), retain all records and communications between Contractor and Wal-Mart, Inc. or any of its employees, agents, officers, or directors. In the event of an audit by Wal-Mart, Inc. during the Audit Period, Contractor shall cooperate in all respects with Empower's requests relating to such audit, and shall promptly provide Empower with any requested communications between Contractor and Wal-Mart, Inc.

9.4 <u>Waiver of Non-Compliance.</u> No delay or failure on the part of a party in requiring strict performance of, or enforcing any rights under, this Agreement shall operate as a waiver of the same.

9.5 <u>Survival.</u> Sections 6, 7, 8, and 9 shall survive the termination of this Agreement.

## 10.0 NOTICES

10.1 <u>Provision of Notice.</u> Unless otherwise stated herein, notices or communications required by this Agreement shall be in writing and deemed delivered when hand-delivered, emailed with confirmed receipt, on the date of delivery when delivered by reputable overnight courier, or three (3) days after being sent by U.S. Mail, Certified, to the following addresses:

<u>If to Contractor:</u>
Direct2Market, LLC
5380 Gulf of Mexico Drive, Suite 305
Longboat Key, FL 34428

<u>If to Empower:</u>
Empower Brands, Inc.
Attn: Matt Fisher
3001 Deming Way
Middleton, WI 53562

With a copy to the same address, Attn: Legal Department

11.0 GENERAL

11.1 <u>Governing Law; Waiver of Jury Trial.</u> Any dispute regarding the interpretation or validity of, or otherwise arising out of, this Agreement, or relating to the Services provided hereunder shall be governed by the laws of the State of New York. The parties hereto expressly waive any right to a jury trial. Any proceeding under this Agreement shall be tried by a judge without a jury. In addition, the parties agree and consent to such trial being held exclusively in the federal district court or state courts within the State of New York.

11.2 <u>Unenforceable Provisions.</u> In the event that any of the provisions of this Agreement shall be held by a court or other tribunal of competent jurisdiction to be unenforceable, the remaining portions of this Agreement shall remain in full force and effect.

11.3 <u>Assignment.</u> No portion of this Agreement or any of Contractor's rights (including, without limitation, the right to payment for Services) or obligations hereunder may be assigned and/or delegated by Contractor.

11.4 <u>Modifications.</u> Any and all modifications of this Agreement shall be in writing and signed by both Contractor and Empower.

11.5 <u>Headings.</u>  Section and/or paragraph headings used in this Agreement are for reference purposes only and shall not be used in the interpretation of this Agreement.

11.6 <u>Electronic Signature.</u> This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signature pages may be signed manually or electronically, and may be transmitted by facsimile, email or other secure mode of transmission.  Electronic

signatures and electronically transmitted signatures will have the same legal effect as an original.

11.7 <u>Complete Agreement.</u> This Agreement, constitutes the complete and exclusive statement of the agreement between Empower and Contractor, and it supersedes all prior proposals, oral or written, and all other communications between Empower and Contractor relating to the subject matter of this Agreement; provided, however, that this Agreement does not supersede the agreement with respect to purchase orders that are secured, accepted and shipped on or before November 30, 2022 and Contractor shall be entitled to commissions for such purchase orders when payment is received from Wal-Mart, Inc. whether such payment is received before or after December 1, 2022 in a manner consistent with past practice.

**Empower Brands, LLC.**

By: *[signature]*

NAME (PRINT OR TYPE): Dave Albert

TITLE: President, Empower Brands

DATE: 10/5/2022 | 6:57 AM PDT

*Tonda Mullis*

Direct2Market, LLC
Tonda Mullis
Managing Member

DATE: 10/7/2022 | 7:50 PM PDT

F.E.I.N.: 010604232

(Must also provide completed IRS Form W-9)