

Maura E. Miller
(212) 801-9372
Maura.miller@gtlaw.com

August 20, 2024

**VIA ECF**

Hon. Lara K. Eshkenazi
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Direct2Market, LLC v. Spectrum Brands Holdings, Inc. and Empower Brands, LLC (1:24-cv-02534-DG-JAM)

Dear Judge Eshkenazi:

      We represent the Defendants in the above-captioned matter and write regarding the current status of discovery. In compliance with the Court's June 21, 2024 and August 14, 2024 Minute Entries and Orders requiring the parties to submit a joint letter on this topic, Defendants sent their view regarding the status of discovery to Plaintiff for inclusion in a joint submission. However, Plaintiff refused to file a letter including Defendants' position and unilaterally filed a letter containing its own position only.[1] Accordingly, Defendants have been left with no choice but to file this letter separately from Plaintiff's letter. We thank the Court for its time and attention.

      As the Court may be aware, Defendants filed a letter on July 25, 2024 requesting a pre-motion conference and leave to move to dismiss the Amended Complaint in its entirety. *See* ECF No. 17. In the meantime, Plaintiff has not engaged in any formal discovery. Nevertheless, in an effort to resolve this matter, and despite having no contractual obligation to do so, Defendants voluntarily provided Plaintiff with all relevant documentation and information that Plaintiff requires to confirm the accuracy of the commission payments made to Plaintiff, including, among other things, detailed spreadsheets showing an accounting of applicable sales and payment information, calculations of the commissions owed to Plaintiff (which were paid in full long before the initiation of this lawsuit), and the underlying documentation evidencing all of the above.[2]

---

[1] Plaintiff did not provide any comments on Defendants' view of the status of the case, nor did Plaintiff dispute the accuracy of Defendants' recitation of the events discussed herein.

[2] Nothing in Plaintiff's contract with Empower gives Plaintiff the right to review or approve deductions taken by Walmart, nor does it give Plaintiff any right to an accounting of Empower's books and records.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Lara K. Eshkenazi
August 20, 2024

Specifically, Defendants produced documents and information as follows:

1. On June 3, 2024, Defendants sent Plaintiff an Excel spreadsheet containing a reconciliation of the specific accounting details and calculations of the commission payments earned by Plaintiff during its time providing sales services on behalf of Empower (the "Accounting Reconciliation").[3] As set forth in Defendants' June 3, 2024, correspondence with Plaintiff, the Accounting Reconciliation shows:

    a. The total commission due to Plaintiff for previous periods was $187,062.62.

    b. However, Empower's and Plaintiff's customer, Walmart, demanded deductions and credits of over $13,000,000 due to product recalls and returns, in addition to other complaints, such as claims of being overcharged or misled by Plaintiff during the sales process. Due to these deductions taken by Walmart, the commissions owed to Plaintiff amount to a negative total of ($200,769.46).

    c. When the amount of commissions owed to Plaintiff are netted against the negative commissions owed as a result of the Walmart deductions, **Plaintiff actually *owes* Defendant $11,706.84.**

2. On June 17, 2024, per Plaintiff's additional request, Defendants voluntarily provided Plaintiff via email documentation supporting the Accounting Reconciliation, including documentation: (a) evidencing the amounts of Walmart's payments and deductions; and (b) proving that Empower already paid Plaintiff all commissions it is owed. On June 18, 2024, counsel for Plaintiff indicated that he had difficulty opening two of the attachments (two Excel spreadsheets, titled "D2M January 22 Commissions" and "D2M Jan 23 Commissions"), and counsel for Defendants promptly re-sent the two documents and asked for confirmation that the documents were viewable. When Plaintiff's counsel still had not responded two weeks later, Defendants followed up on July 3, 2024. Defendants did not hear anything further from Plaintiff's counsel. On July 20, 2024—over a month after Defendants sent the requested documentation supporting the Accounting Reconciliation—Plaintiff emailed Defendants requesting the **same information** Defendants had already sent on June 17. Defendants promptly re-sent the aforementioned information and documentation on July 24, 2024.

3. Defendants heard nothing further from Plaintiff until August 12, 2024, when Plaintiff submitted another list of questions and requests concerning the amounts of Walmart's deductions and the reasons for them. Again, much of the information Plaintiff is requesting was already included in what Defendants previously sent on

---

[3] Defendants had already provided the Accounting Reconciliation to Plaintiff's prior lawyer on February 23, 2024, but Plaintiff evidently did not make its new lawyer aware of it before he filed this lawsuit on Plaintiff's behalf.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Lara K. Eshkenazi
August 20, 2024

        June 17 and July 24.  And again, even though Defendants have no obligation to do so, Defendants will voluntarily provide responses to Plaintiff's additional questions as soon as possible.[4]

        Defendants hope that Plaintiff will closely review the information that Defendants voluntarily provided, confirming that Plaintiff is owed nothing further from Defendants.  Should Plaintiff fail to withdraw its frivolous claims, Defendants continue to plan to move for dismissal of the Amended Complaint if granted leave to do so by the Court at the pre-motion conference scheduled for August 29, 2024.

        Should this case proceed to formal discovery, Defendants intend to assert affirmative defenses and counterclaims against Plaintiff, and to seek extensive electronic discovery related to all relevant communications between Plaintiff and Walmart as well as Plaintiff and Tristar.

        Respectfully submitted,

**Greenberg Traurig, LLP**

By: */s/ Maura E. Miller*
Maura E. Miller, Esq.
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9372
maura.miller@gtlaw.com
*Attorneys for Defendants*

---

[4] The remaining amount of commissions in dispute between the parties is now approximately $100,000.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com